UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NUMBER |
| | ) | 1:09-CV-1227-CAP- RGV |
| v. | ) | |
| | ) | |
| GREENFOREST MCCALEP, | ) | |
| CHRISTIAN ACADEMIC | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

This action was instituted on May 8, 2009 by the Equal Employment Opportunity Commission ("EEOC" or the "Commission") against the Defendant Greenforest McCalep Christian Academic Center,   Inc. (hereinafter, the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

In its Complaint, the Commission alleged that the Defendant subjected Victoria Brown ("Brown") to unlawful discrimination by terminating her

employment because of her sex, female, and pregnant status, in violation of Title VII. In its Complaint the Commission also sought make whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief.  The Defendant filed its Answer to the Complaint on August 17, 2009.  In its Answer, the Defendant denies all material allegations of the Complaint.

The parties to this action desire to avoid the additional expense, delay, and uncertainty which would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree which will promote and effectuate the purposes of Title VII.  The parties want to conclude fully and finally all claims arising out of the Commission's Complaint and the charges of discrimination filed with the Commission by Ms. Brown.  They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity.  This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the

Complaint filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. **JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

## II. **DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent

ATLANTA:5213267.2

Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III.   NON-RETALIATION

Defendant shall not take any action against any person which constitutes intimidation, retaliation, harassment or interference with the exercise of such person's rights under Title VII because of the filing of Charge No. 410-2007-05814 with the Commission which forms the basis for the present case, or because such person gave testimony or assistance or participated in any manner in any complaint, investigation, proceeding or inquiry under Title VII.

## IV.   NON-DISCRIMINATION

Defendant, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them shall comply with the non-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

## V.   INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Decatur, Georgia location have been instructed as to the terms of this Consent Decree (other than the monetary amount of the

ATLANTA:5213267.2

settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   <u>TRAINING</u>

During the term of this Consent Decree, the Defendant shall hold at least one training session, the cost of which is to be borne by Defendant, to be attended by every supervisory employee assigned to its Decatur, Georgia location on their rights and obligations arising under Title VII, including, but not limited to, the Defendant's obligations under Title VII when making employment decisions on the basis of sex (gender) and pregnant status. The above referenced training shall be completed within one hundred and twenty (120) days of the entry of this Consent Decree.

The Defendant shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training. The certification shall include the name(s) and

ATLANTA:5213267.2

qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training.  If written materials are utilized, the Commission shall be supplied with a copy prior to the training.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII.  **REPORTING REQUIREMENT**

Every six (6) months for the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at any of Defendant's Decatur, Georgia location has made a complaint of sex (gender) and/or pregnant status discrimination or retaliation to any management employee, whether orally or in writing.  For each person who has made such a complaint, the summary report shall state in writing, the following information:

(a)     The date of the complaint(s);

(b)     The name of the person making the complaint of discrimination or retaliation;

ATLANTA:5213267.2

(c)    The name and title of the person(s) against whom the complaint of discrimination or retaliation was made;

(d)    The name and title of the Defendant official(s) who received the complaint of discrimination or retaliation;

(e)    The nature of the complaint of discrimination or retaliation;

(f)    What, if any, action was taken by Defendant in response to the complaint of discrimination or retaliation (e.g. employee discipline); and

(g)    A detailed narrative of the investigation process (e.g. statements obtained) and how the complaint of discrimination or retaliation was resolved by Defendant.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. PREGNANCY DISCRIMINATION POLICY AND PROCEDURES

The Defendant agrees to maintain a written policy and related procedures which is consistent with The Pregnancy Discrimination Act ("PDA") of Title VII which prohibits gender discrimination against females "on the basis of pregnancy,

ATLANTA:5213267.2

childbirth or related medical conditions" (42 U.S.C.A. § 2000e (k)) and the relevant case law.    The written policy and procedures shall cover all of Defendant's employees.    The Defendant is to implement the written policy and procedures within thirty (30) days after the entry of this Consent Decree.    The Defendant shall provide a copy of its written pregnancy discrimination policy and procedures to the Regional Attorney at the above-referenced address within forty-five (45) days of the entry of this Consent Decree.

## IX.    NOTICES TO BE POSTED

Defendant shall post at its Decatur, Georgia location the Notice attached hereto as Exhibit A for six (6) calendar months immediately following the Court's entry of this Consent Decree.    The posting required by this Section shall be conspicuously made in the employee work area(s) so that each employee at the Defendant's Decatur, Georgia location will observe at least one such posting when at the facility.    The Defendant shall certify the completion of the posting to the Commission within thirty (30) days from the entry of this Consent Decree.    All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

ATLANTA:5213267.2

The Commission shall be allowed to enter upon Defendant's Decatur, Georgia location to confirm the Defendant's compliance with this Section of the Consent Decree.   The Commission shall provide the Defendant with ten (10) calendar days notice prior to its entry upon any such facility.   Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) business days after learning of the defacement, etc.

## X.    VICTORIA BROWN'S INDIVIDUAL RELIEF

The Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall pay Ms. Victoria Brown beginning within ten (10) business days of the Court's execution and entry of this Consent Decree the gross amount of $30,000 less all applicable state and federal taxes withholdings, in the form of check(s) made payable to Ms. Victoria Brown on the following payment schedule: The initial payment in the amount of $5,000 shall be paid within ten (10) business days of the Court's execution and entry of this Consent Decree. The remaining balance in the amount $25,000, shall be payable over the next twelve (12) consecutive months immediately following the initial payment. Each bi-monthly payment shall be in the amount $1,041.67, less all applicable state and federal

ATLANTA:5213267.2

withholdings, due and payable by the 1st and 15th day of each consecutive month immediately following the Court's approval of this Consent Decree.

In the event that Defendant shall become more than 14 days past due on any bi-monthly payment it shall constitute a breach of this Section X and Defendant agrees that such breach shall cause each and every remaining payment to be accelerated and the full amount of all remaining payments will become due and payable immediately. In the event that Defendant fails to comply with the terms set forth in this Section X, all other Sections of this Consent Decree shall remain binding and enforceable upon both parties as set forth in each individual Section.

The check(s) will be forwarded to Ms. Brown at 108-B Pine Cone Road, Milledgeville, Georgia 31061. Within five (5) working days of issuing the check(s) to Ms. Brown, the Defendant will mail a copy of the check to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## XI.   TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree, excluding the payment obligations, shall continue to be effective and binding upon the parties to this action for a period of thirty (30) calendar months immediately following the entry of the Decree, provided that all

ATLANTA:5213267.2

remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for thirty (30) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said thirty (30) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the thirty (30) month period have been resolved. At the expiration of the thirty (30) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes

ATLANTA:5213267.2

regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## XII.  <u>COMPLIANCE OFFICIAL</u>

The Defendant has designated its James Chester, Director of Human Resources, to be the Defendant's Compliance Official who shall be responsible for the Defendant's compliance with this Consent Decree.  The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

## XIII. <u>PROCEDURE FOR ENFORCING COMPLIANCE</u>

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify, in writing by first class mail and facsimile, the Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

ATLANTA:5213267.2

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIV. **OTHER ACTIONS**

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arose out of Ms. Brown's claims that Defendant subjected Brown to unlawful discrimination by terminating her employment

ATLANTA:5213267.2

because of her sex, female, and pregnant status in violation of Title VII, as embodied in EEOC Charge Number 410-2007-05814, which was filed with, and investigated by, the EEOC's Atlanta District Office.

This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Section 706(f) of Title VII (or any other statutes enforced by the Commission) on any such charges. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XV.   COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own respective costs and attorney's fees for this action.

ATLANTA:5213267.2

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

ROBERT K. DAWKINS
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia   30303

Defendant:

James Chester
On Behalf of Greenforest McCalep
Christian Academic Center

Counsel for Defendant:

Alston D. Correll III
McKenna Long & Aldridge
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308

[Signature continued on the following page]

-15-                                    ATLANTA:5213267.2

APPROVED, DONE, and SIGNED this 24th day of _____March_____, 2010.


_/s/Charles A. Pannell, Jr._

Charles A. Pannell, Jr., District Judge
United States District Court
Northern District of Georgia, Atlanta Division

ATLANTA:5213267.2

EXHIBIT A

## GREENFOREST MCCALEP CHRISTIAN ACADEMIC CENTER EQUAL EMPLOYMENT OPPORTUNITY POLICY

We provide equal employment opportunities to all employees and applicants for employment without regard to race, color, religion, sex, pregnancy, national origin, age, disability, veteran status, or other protected category consistent with applicable law. Our policy applies to all terms and conditions of employment, including but not limited to, hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation, and training.

We prohibit any form of unlawful discrimination against applicants or employees. Further, we prohibit retaliation against an employee for filing a bona fide complaint under this policy or for assisting in a complaint investigation. Retaliation includes any adverse employment action against an employee because the employee has complained about or resisted harassment, discrimination, or retaliation, or has cooperated in an investigation.

Any employee with questions about this policy should contact James Chester, Director of Human Resources.

**By Telephone:**
404-486-6758

ATLANTA:5213267.2

EXHIBIT B

## N O T I C E

1.   This notice to all employees of Greenforest McCalep Christian Academic Center (hereinafter the "Company") is being posted as part of an agreement between the Company and the Equal Employment Opportunity Commission, EEOC.

2.   Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, or age with respect to hiring, firing, compensation or other terms, conditions, or privileges of employment.

3.   The Company supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability, age, or because they have exercised their rights under the law.

4.   Appropriate corrective action, up to and including termination, shall be taken against any employee (including management personnel) found to violate the policies regarding discrimination and retaliation, based upon the circumstances involved.

5.   This notice will remain posted for thirty (30) months, until September 2012.

Signed this ___22___ day of _March_, 2010.

_James O. Chester_
James Chester
On Behalf of Greenforest McCalep
Christian Academic Center

ATLANTA:5213267.2